IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COA, INC. dba COASTER COMPANY OF AMERICA, a California corporation, | ) ) ) | Case No.: |
| | ) | Judge: |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | (underlying action pending in the U.S.D.C., |
| Sears Brands LLC, | ) | Central District of California, Case No. 12- |
| | ) | 1892 GAF(MRWx)) |
| Defendant. | ) ) | *Discovery Cut-off: May 31, 2013* |
| | ) | |
| | ) | |
| | ) | |

**MOTION BY PLAINTIFF COA, INC. TO COMPEL**
**THIRD PARTY SEARS BRANDS LLC TO COMPLY WITH**
**DOCUMENT AND DEPOSITION SUBPOENA ISSUED FROM THIS COURT**

COA, Inc. dba Coaster Company of America ("Coaster"), the plaintiff in the underlying

action referenced above, respectfully requests, pursuant to Fed.R.Civ.P. Rule 37(a)(2), that this

Court order Sears Brands LLC ("Sears") to comply with the subpoena submitted concurrently

herewith as Exhibit 2 to the Declaration of Kelly W. Cunningham ("Cunningham Decl.").

## TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................... 1

II.     FACTUAL BACKGROUND .................................................................................. 3

       A.      The Underlying Case ................................................................................. 3

       B.      The Subpoena Served on Sears ................................................................ 4

III.     SEARS'S OBJECTIONS SHOULD BE OVERRULED AND ITS DEPOSITION
        SHOULD BE COMPELLED ................................................................................. 5

       A.      The Topics Identified in the Subpoena are Focused and Relevant ......................... 5

       B.      Sears's Objections Lack Merit ................................................................. 7

IV.     REQUEST FOR ATTORNEYS' FEES ..................................................................... 8

V.      CONCLUSION ...................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Abbott v. Kidder, Peabody & Co.*,
    1997 U.S. Dist. LEXIS 8500 (N.D. Ill. 1997) ..........................................................................5

*Alexander v. FBI*,
    186 F.R.D. 71 (D.D.C. 1998) ....................................................................................................5

*Gonzales v. Google, Inc.*,
    234 F.R.D. 674 (N.D. Cal. 2006) ..............................................................................................5

*Goodman v. United States*,
    369 F.2d 166 (9th Cir. 1966) .....................................................................................................7

*In re County of Orange*,
    208 B.R. 117 (Bankr. S.D.N.Y. 1997) ......................................................................................5

*Malibu Media, LLC v. Reynolds*,
    2013 U.S. Dist. LEXIS 31228 (N.D. Ill. March 7, 2013) ..........................................................7

*McLeod, Alexander, Powel & Apffel v. Quarles*,
    894 F.2d 1482 (5th Cir. 1990) ...................................................................................................7

*Simplex Manufacturing Co. v. Chien*,
    2012 U.S. Dist. LEXIS 124625 (W.D. Wash. Aug. 31, 2012) ...................................................5

*Southwestern Bell Telephone, L.P. v. UTEX Communications Corp.*,
    2009 U.S. Dist. LEXIS 131706 (W.D. Tex. 2009) ....................................................................5

*Teton Homes Europe v. Forks RV a/k/a Continental Coach*,
    2010 U.S. Dist. LEXIS 96109 (N.D. Ill. 2010) ........................................................................7

*Wauchop v. Domino's Pizza, Inc.*,
    138 F.R.D. 539 (N.D. Ind. 1991) ..............................................................................................7

**Rules**

Federal Rule of Civil Procedure 37(a)(2)............................................................................7

Federal Rule of Civil Procedure 26 .....................................................................................7

Federal Rule of Civil Procedure 45(c)(2)(B).......................................................................8

## I.    INTRODUCTION

Third-party witness Sears Brands LLC ("Sears") has not complied at all with a subpoena, which was duly issued from this Honorable Court on April 12, 2013 and formally served on Sears on April 15, 2013.  The subpoena called for Sears to produce a very narrowly tailored set of documents and to submit to a deposition concerning a very narrowly tailored set of topics. Instead, Sears responded only after repeated calls from Coaster's counsel, and after the deadline to object to the subpoena set forth in the Federal Rules.  Sears's response, well after its deadline for any objections and without any supporting evidence, was that it would not appear (*see*, Exhibit 4) and that it would not produce any responsive documents unless Coaster first paid Sears substantial fees, far exceeding the statutory witness and travel expenses (*see*, Exhibit 5). For the convenience of the Court, Coaster submits concurrently herewith, the source documents that tell the story best:

1.  the complaint in the underlying action (Exhibit 1),

2.  the subpoena served on Sears (Exhibit 2),

3.  the proof of service (Exhibit 3),

4.  Sears's belated email response (Exhibit 4),

5.  Sears's belated demand for excess fees (Exhibit 5); and

6.  Court's January 31, 2013 order setting trial date and related pretrial deadlines (Exhibit 6).[1]

The only necessary additional fact is that Coaster and Sears held their prefiling meet and confer, as required by Local Rule 37.2 on May 7, 2013, at approximately 1:30 pm Central Time. Cunningham Decl., ¶ 7.  Coaster had made a number of earlier telephone calls requesting that

---

[1] Exhibits 1 through 6 are attached to the Declaration of Kelly W. Cunningham ("Cunningham Decl."), filed concurrently herewith.

Sears respond to the subpoena and assuring Sears that Coaster would be happy to further accommodate Sears by agreeing to any more convenient time and/or location for the deposition. *Id.* In the meet and confer on May 7, 2013, Coaster went further and offered to limit Coaster's portion of the deposition to only one and a half hours or even less and to depose Sears on simply one topic, "How does Sears think Coaster's trademark got displayed right beside the defendant's trademark on Sears's web pages that were marketing the defendant's products?" *Id.*, ¶ 8.

Sears nevertheless refused to comply even to this accommodating offer. *Id.*

The documents and testimony that Coaster seeks from Sears are important to Coaster's underlying case for trademark infringement, passing off, and unfair competition perpetrated by Defendant Xiamei Houseware Group Co., Inc. ("Xiamei").[2] Xiamei has done so by masquerading its products on Amazon.com as if they are Coaster's products, using Coaster's trademark, and it appears that Xiamei is doing the same through the Sears.com website. The subpoena Coaster served on Sears therefore is aimed at determining: (1) how it came to be that Sears.com displayed Coaster's trademark right beside Xiamei's name and furniture products; and (2) how many sales occurred as a result? There is no substitute for obtaining such information directly from Sears. Such information will provide a formidable and objective foundation for Coaster's case-in-chief on both liability and damages.

The fact that Sears has chosen to disregard the subpoena in question issued from this Court suggests that Sears thinks that it is above the reach of this Court. Coaster's objective here, however, is not to point a finger at Sears, or to subject Sears to any significant burden. Coaster merely desires to gather the evidence it is entitled to under the law to show at trial how Xiamei was able to use Coaster's name to market and sell Xiamei products and profit from this false

---

[2] Coaster submits concurrently herewith as Exhibit 1 to the Cunningham Declaration a copy of the Complaint in the underlying action.

association.  It would have been the appropriate and most efficient action for Sears to simply produce relevant documents and appear for the deposition.  Sears, however, chose not to do so, and Coaster now respectfully requests that Sears should be ordered to submit to a deposition on -- at a minimum -- the following two topics from the subpoena:

> (1) how it came to be that Sears.com displayed Coaster's trademark right
>
>    beside Xiamei's name and furniture products; and
>
> (2) how much sales occurred as a result?

and to produce all documents that are responsive to these two topics.  Cunningham Decl., ¶ 8. Sears rejected this very reasonable option out of hand.  *Id.*

## II.    FACTUAL BACKGROUND

### A.    The Underlying Case

Coaster is a leading furniture company with a stellar reputation and strong recognition, including in Amazon.com's search feature.  Coaster owns considerable intellectual property covering its furniture and business, including its federally registered COASTER trademark. Cunningham Decl., ¶ 3.  Coaster learned that Xiamei was improperly associating its products with Coaster's COASTER trademark and products on Amazon.com to ride on Coaster's coattails.  *Id.*  In doing so, Xiamei has compromised Coaster's sales and reputation in its products, diverted sales from Coaster, and possibly damaged Coaster's reputation by reason of negative reviews for Xiamei products sold under the listings for Coaster's products.  *Id.*

In fact, Coaster has been experiencing substantial growth in its e-commerce sales over the past few years, and the injuries that Coaster has suffered and is suffering as a result of these improper trade practices strike at the heart of this current growth center and business model of Coaster.  *Id.*, ¶ 4.  Coaster therefore filed suit against Xiamei in the Central District of California

for trademark infringement, false designation of origin, false or misleading statements in advertising, passing off, and unfair competition. *Id.*, and Exh. 1.

**B.      The Subpoena Served on Sears**

Towards the latter portion of the discovery period, in March of 2013, Coaster learned that Xiamei may have been repeating at least some of its tactics over the Sears.com website as well. *Id.*, ¶ 5.  Specifically, Coaster uncovered the six (6) web pages from Sears.com website that Coaster attached to the subpoena.  On these web pages, either Xiamei or Sears chose to prominently display Coaster's federally registered COASTER trademark beside Xiamei's trade name and products.  *Id.* and Exh. 2, at Attachment A.  On April 15, 2013, therefore, Coaster served a subpoena on Sears requesting documents narrowly tailored to these six web pages and scheduling a deposition for May 8, 2013.  *Id.*, and Exhs. 2 and 3.  To date, Sears has not produced any documents in response to the subpoena.

On May 3, 2013, Sears indicated that it intended to serve objections to the subpoena and that it will not be appearing for the deposition.  *Id.*, ¶ 6, at Exh. 4.  The last day for Sears to object to the subpoena, however, was April 29, 2013, which had already long passed by the time of that email message.  In fact, Sears did not further correspond until after Coaster called to meet and confer with Sears on May 7, 2013 concerning the present motion to compel.  *Id.*  Then, on May 8, 2013, Sears sent Coaster a letter in which Sears belatedly raised essentially one general objection to the subpoena as a whole:  It purportedly was "overly broad, oppressive, and impose[d] an unreasonable burden of inquiry" and thereby sought "to impose obligations on Sears different from or more onerous than" that of the applicable law or Federal Rules.  *See*, *id.*, at Exh. 6.  Sears dedicated a majority of its letter to demanding that Coaster pay Sears a large sum of money, much more than anything that is required under the Federal Rules, before Sears

4

will produce any documents in response to the subpoena.  *Id.*

### III.     PROCEDURE

The headquarters of Sears is located in Hoffman Estates, Cook County, Illinois.   The documents possessed and/or controlled by Sears relative to Coaster's motion are located in Cook County, Illinois.   Sears's witnesses are located in Cook County, Illinois.   Sears' refusal to comply with the subpoena issued properly by the U.S. District Court for the Central District of California and served properly upon it makes this motion to compel a proper action pursuant to Fed. R. Civ. P. 37(a)(2), which requires that a motion to compel discovery on a nonparty be made in the Court where discovery will be taken.  As the discovery will be produced from and the deposition will be taken in Cook County, Illinois, this motion is properly made before the U.S. District Court for the Northern District of Illinois.

The discovery period in the underlying case is scheduled to close on May 31, 2013, and trial is set for August 20, 2013.  *Id.*, ¶ 11 and Exh. 6.  Coaster therefore seeks through the present motion an order requiring Sears to provide its witness(es) for deposition on or before May 31, 2013, and requests that the Court set an ***expedited*** briefing schedule to give Sears as much notice as possible before the ***May 31, 2013*** deadline.

### III.     SEARS'S OBJECTIONS SHOULD BE OVERRULED AND ITS DEPOSITION SHOULD BE COMPELLED

#### A.      The Topics Identified in the Subpoena are Focused and Relevant

The general discovery limitations set forth in Fed.R.Civ.P. 26 apply with equal force to subpoenas to third parties.  *Simplex Manufacturing Co. v. Chien*, 2012 U.S. Dist. LEXIS 124625 at *3 (W.D. Wash. 2012) (*citing, Gonzales v. Google, Inc.*, 234 F.R.D. 674 (N.D. Cal. 2006)).

It should be noted that "quashing a subpoena ad testificandum is very rare because until

the witness is asked specific questions, there is usually nothing on which to base a motion to quash." *In re County of Orange*, 208 B.R. 117, 122 (Bankr. S.D.N.Y. 1997); *see, also*, *Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998); *Southwestern Bell Telephone, L.P. v. UTEX Communications Corp.*, 2009 U.S. Dist. LEXIS 131706 at *5-6 (W.D. Tex. 2009) (motion to quash deposition subpoena denied) (citing cases). Furthermore, a non-party's objection to a subpoena does not excuse its failure to attend a deposition pursuant to a subpoena. *Abbott v. Kidder, Peabody & Co.*, 1997 U.S. Dist. LEXIS 8500, *10 (N.D. Ill. 1997) ("Mrs. Lushbough's objection to service did not excuse her from attending her deposition, absent a motion to quash or a motion for a protective order, which she had not filed when she failed to attend the deposition scheduled for February 25.").

The subpoena contained ten (10) topics for testimony (*see*, Attachment A to Subpoena, at Cunningham Decl., ¶ 5, Exh. 2, pages 5-6), which Coaster narrowly tailored to the facts of the underlying Coaster's discovery of the six (6) web pages from Sears.com that Coaster attached to Attachment A of the subpoena. *Id.* The information sought by the subpoena is very important to the underlying case. Sears never timely served any objections to any of these requests and thereby waived its rights to object. *See*, Fed. R. Civ. P. 45(c)(2)(B).

Nevertheless, for the purpose of avoiding this motion, Coaster in its pre-filing meet and confer offered to Sears that it would seek testimony on only the single topic, "How does Sears think Coaster's trademark got displayed right beside the defendant's trademark on Sears's web pages that were marketing the defendant's products?" Cunningham Decl., ¶ 8. Now that Sears refused this proposal, Coaster proposes in this motion to limit the deposition to two topics:

> (1) how it came to be that Sears.com displayed Coaster's trademark right
>       beside Xiamei's marks and furniture products; and

(2) how much sales for Xiamei occurred as a result? *Id.*

Coaster needs to find out where this use of Coaster's trademark, apparently by the Defendant in the underlying case, on the Sears.com web pages originated. These two topics are thus narrowly focused on information highly important to the underlying case -- the six (6) troubling Sears.com web pages attached to the subpoena. *Id.*, ¶ 8.

**B.     Sears's Objections Lack Merit**

Sears's objections were gravely late and were waived. *See*, Fed. R. Civ. P. 45(c)(2)(B) ("The objection must be served before . . . 14 days after the subpoena is served."). Indeed, Coaster has been prejudiced by Sears's failure to timely raise its objections. First, by delaying any objections, Sears has taken precious time away from Coaster, leaving Coaster with less time to seek help from this Court in light of the discovery cutoff date. Second, by delaying any objections, Sears has taken precious time away from Coaster, leaving Coaster with fewer options for the timing of this deposition in a crowded discovery window. And, third, by delaying any objections, Sears has delayed its disclosure of any information Coaster could use when taking discovery from the defendant Xiamei or other third party witnesses in the underlying case. This Court should therefore find that Sears waived its right to object to the subpoena.

Even so, Sears belatedly claimed that it would be burdensome to comply with this request, but it is Sears that has the burden to demonstrate why it should be permitted to avoid the subpoena based on undue burden. *Malibu Media, LLC v. Reynolds*, 2013 U.S. Dist. LEXIS 31228, *14 (N.D. Ill. March 7, 2013) ("The party seeking to quash a subpoena under Rule 45(c)(3)(A) bears the burden of demonstrating that the information sought subjects a person to undue burden."). *See, also*, *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966) (the party opposing the subpoena bears the burden of showing that it is unduly burdensome). Coaster

has bent over backwards to make Sears's document search and deposition time as little an inconvenience as possible. Se*e*, Cunningham Decl., ¶ 7.

Coaster's subpoena is not onerous or unduly burdensome, particularly as narrowed, but seeks focused and relevant information important to the underlying case, as discussed herein. During the meet and confer process, Coaster even offered to substantially narrow the scope of the deposition for the sake of reaching an agreement and avoiding motion practice. *Id.*, ¶ 8.

Sears's overbreadth objections are themselves entirely too broad to evaluate. Overbreadth objections should be specifically articulated. *See*, *Teton Homes Europe v. Forks RV a/k/a Continental Coach*, 2010 U.S. Dist. LEXIS 96109, *6 (N.D. Ill. 2010) (holding that objections merely that discovery requests "are overly broad, burdensome, oppressive and irrelevant" are "too general to warrant a protective order.") (*citing, Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 544 (N.D. Ind. 1991)); *McLeod, Alexander, Powel & Apffel v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Here, Coaster's document requests are targeted to a specific six (6) web pages, a specific seven (7) product numbers, and a specific relatively brief date range. For Sears to claim that a computer search for a specified sale to a specified Sears.com supplier is difficult is not credible since the amount of computer searching involved would be limited. This should be a straightforward task for Sears, and it has not shown it to be otherwise. Nonetheless, Coaster is amenable to further narrowing portions of its deposition as mentioned above. *See*, Cunningham Decl., ¶ 8.

Accordingly, Coaster requests that the Court compel Sears to produce witnesses prepared to testify on the topics in the subpoena, and at a minimum, on the two topics listed above.

## IV.    REQUEST FOR ATTORNEYS' FEES

Coaster should be awarded the attorneys' fees it incurred and incurs in connection with the present motion. Sears is not substantially justified in completely refusing to submit to a deposition and completely refusing to produce any documents even without offering up any timely objections to the requests. particularly in light of the fact that it refused even to negotiate a reduction to the scope of the deposition, and then refused to appear when Coaster offered to substantially limit the scope of the deposition. Should the Court agree, Coaster will submit the appropriate fee information at that time.

## V.    CONCLUSION

Sears has completely ignored a subpoena duly issued from this Honorable Court, and did not bother producing any responsive documents, did not bother appearing for the scheduled deposition, and did not bother serving any timely objections to either. Coaster therefore requests that this Court order Sears to submit to deposition on at least the following topics:

> (1) how it came to be that Sears.com displayed Coaster's trademark right beside Xiamei's name and furniture products; and
>
> (2) how many sales occurred as a result?

and produce at least documents responsive to the following requests:

> (1) all documents related to how it came to be that Sears.com displayed Coaster's trademark right beside Xiamei's name and furniture products; and
>
> (2) all documents related to how many sales occurred as a result.

Despite Sears's improperly late protestations, these requests and topics are exceedingly fair and narrowly tailored. They are not "overly broad, oppressive," nor do they impose "an unreasonable burden of inquiry."

Dated: May 14, 2013

By: _____/s/_____
James D. Benak
TETZLAFF LAW OFFICES, LLC
11 South LaSalle Street
Suite 400
Chicago, Illinois 60603
Telephone: (312) 574-1050
Email: jbenak@tetzlafflegal.com

OF COUNSEL:
Daniel M. Cislo
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
E-mail: dancislo@cislo.com

Attorneys for Plaintiff/Movant
COA, INC. dba COASTER COMPANY OF
AMERICA